IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

RHONDA L. ALLEN,                )
                                )
    Plaintiff,                  )
                                )
v.                              )   Case No. CIV-09-532-D
                                )
MICHAEL J. ASTRUE,              )
COMMISSIONER OF THE SOCIAL      )
SECURITY ADMINISTRATION,        )
                                )
    Defendant.                  )

# REPORT AND RECOMMENDATION

Plaintiff Rhonda Allen seeks judicial review of a denial of benefits by the Social Security Administration ("SSA"). The Court should reverse and remand for further proceedings.

## I. BACKGROUND

Ms. Allen applied for supplemental security income and insurance benefits based on an alleged disability. *See* Administrative Record at pp. 94-99 (certified Aug. 14, 2009) ("Rec."). The SSA denied the application,[1] and the present action followed.

## II. STANDARD OF REVIEW

The Court must determine whether the SSA's decision is based on substantial evidence and the correct legal standard. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). Reversal is required if the agency has failed "'to provide this court with a

---

[1] Rec. at pp. 1-3, 9-20, 41-44.

sufficient basis to determine that appropriate legal principles have been followed.'" *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (*per curiam*; citations omitted).

III. CONSIDERATION OF DR. HALL'S OPINION

As alleged by the Plaintiff, the administrative law judge committed legal error in his consideration of opinions offered by Dr. Terry Hall. The error requires reversal.[2]

A. Dr. Hall's Opinion

Dr. Hall issued a "Medical Source Statement," which stated that Ms. Allen could:

- stand for up to 3 hours in an 8-hour workday;
- walk for up to 2 hours in an 8-hour workday; and
- occasionally lift up to 5 pounds.

Rec. at p. 275.[3]

B. The Administrative Law Judge's Duty to Evaluate Dr. Hall's Opinion

In assessing the residual functional capacity ("RFC"), the administrative law judge had to consider all medical source opinions. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c).[4]

---

[2] Ms. Allen also contends that the administrative law judge had improperly equated an ability to perform simple tasks with an ability to perform unskilled work. The Court need not consider this contention in light of the suggested reversal on other grounds. *See infra* pp. 2-7; *see also Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the [administrative law judge's] treatment of this case on remand.").

[3] The opinion contained other restrictions, but they are not relevant to the Plaintiff's argument.

[4] The Plaintiff argues that Dr. Hall was a "treating physician" and the Defendant questions this characterization. The Court need not resolve the conflict because Dr. Hall was a "medical source" regardless of whether he qualified as a "treating physician." *See* 20 C.F.R. §§ 404.1502, 416.902 (defining "[m]edical sources").

2

The SSA's threshold duty is to discuss the opinions and explain any departure from them. The SSA has stated: "The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." Social Security Ruling 96-8p, *Policy Interpretation Ruling Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims*, 1996 WL 374184, Westlaw op. at 7 (July 2, 1996).[5] The judge must also:

- determine the weight given to the opinion based on the length and nature of the treatment relationship, frequency of examinations, degree to which the opinion is supported by relevant evidence, consistency of the opinion with the record as a whole, and specialization of the doctor rendering the opinion[6] and

- "provide specific, legitimate reasons" when the medical opinion is rejected.[7]

C. The Administrative Law Judge's Assessment of Residual Functional Capacity and Consideration of Dr. Hall's Opinion

At step four, the administrative law judge concluded that Ms. Allen retained the RFC for light work. Rec. at 13. Such work may require:

- liftin4g objects up to 20 pounds and

---

[5] Social security rulings are binding on the administrative law judge. *See Nielson v. Sullivan*, 992 F.2d 1118, 1120 (10th Cir. 1993) ("The [SSA's] rulings are binding on an [administrative law judge]." (citation omitted)).

[6] *See Hamlin v. Barnhart*, 365 F.3d 1208, 1215 & n.7 (10th Cir. 2004) (citing 20 C.F.R. § 404.1527(d)(2)-(6)); *see also* Social Security Ruling 96-5p, *Policy Interpretation Ruling Titles II and XVI: Medical Source Opinions on Issues Reserved to the Commissioner*, 1996 WL 374183, Westlaw op. at 5 (July 2, 1996) ("Adjudicators must weigh medical source statements under the rules set out in 20 CFR 404.1527 and 416.927, providing appropriate explanations for accepting or rejecting such opinions.").

[7] *Doyal v. Barnhart*, 331 F.3d 758, 764 (10th Cir. 2003) (citation omitted).

3

- an ability to stand or walk, off and on, for a total of approximately 6 hours in an 8 hour workday.[8]

The administrative law judge's RFC assessment was inconsistent with the limitations that Dr. Hall imposed regarding Ms. Allen's abilities to lift, walk, and stand. For example, Dr. Hall stated that Ms. Allen could occasionally lift up to five pounds, and light work may require lifting objects weighing up to twenty pounds. *See supra* pp. 3-4. And while Dr. Hall stated that Ms. Allen could stand for three hours and walk for two hours,[9] light work requires an ability to stand or walk, off and on, for a total of approximately six hours in an eight-hour workday. *See supra* pp. 3-4. Thus, the administrative law judge's decision reflects disagreement with Dr. Hall about: (1) the amount that Ms. Allen could lift, and (2) the length of time that she could walk or stand.

The judge was entitled to reject Dr. Hall's medical opinions, but only if he provided an explanation. The judge failed to do so and the omission constituted legal error.[10]

---

[8] *See* 20 C.F.R. §§ 404.1567(b), 416.967(b) (lifting); Social Security Ruling 83-10, *Titles II and XVI: Determining Capability to do Other Work-the Medical-Vocational Rules of Appendix 2*, 1983 WL 31251, Westlaw op. at 5 (1983) (standing or walking).

[9] Rec. at p. 275.

[10] The administrative law judge expressly rejected Dr. Hall's opinion that Ms. Allen would miss at least ten work days every month, stating that this conclusion lacked substantiation through "medical documentation, notes, or laboratory findings." Rec. at p. 17. But the judge did not provide a similar explanation to reject Dr. Hall's opinions regarding the limitations on lifting, standing, or walking.

As the Plaintiff points out, the administrative law judge recounted Dr. Hall's opinions during his summary of the medical evidence. Rec. at p. 16. But the judge did not say why he rejected the opinions and the omission is fatal.

The Tenth Circuit Court of Appeals addressed similar circumstances in *Diggdon v. Apfel*, 189 F.3d 477, 1999 WL 617702 (10th Cir. Aug. 16, 1999) (unpublished op.). There a treating physician stated the plaintiff suffered from various functional limitations, including the ability to lift, walk, and stand. *See Diggdon v. Apfel*, 189 F.3d 477, 1999 WL 617702, Westlaw op. at 4. The administrative law judge found that the plaintiff could perform "light" work, a finding which conflicted with the treating physician's opinion. *See id.*, 1999 WL 617702, Westlaw op. at 3; *see also supra* pp. 3-4 (defining "light" work). Although the judge noted the medical opinions, he failed to provide "specific, legitimate reasons" to reject them. *See Diggdon v. Apfel*, 1999 WL 617702, Westlaw op. at 5. The Tenth Circuit Court of Appeals held that the absence of an explanation constituted reversible error. *Id.*

*Diggdon v. Apfel* is persuasive based on the similarity in facts. Like the doctor in *Diggdon*, a physician opined that Ms. Allen could not perform light work. *See supra* pp. 2-4. That finding conflicted with the administrative law judge's RFC assessment. *See supra* pp. 2-4. Although the administrative law judge was entitled to reject the physician's opinion, he had to provide an explanation. He did not, and the omission is fatal.

The Commissioner presents three arguments in response to the Plaintiff's claims. None has merit.[11]

First, the Defendant contends that Dr. Hall's opinions should not be given "significant or controlling weight" because his treatment notes did not show "the nature and extent of his treatment relationship with Plaintiff." Defendant's Response at p. 8. But the Plaintiff has not urged a need to accord special weight to Dr. Hall's opinions. Instead, Ms. Allen complains that the judge had failed to explain his apparent rejection of the opinions. *See* Plaintiff's Opening Brief at pp. 10-11.

Second, the Defendant argues that the administrative law judge correctly concluded that Dr. Hall's opinions were not substantiated by objective findings. Defendant's Response at pp. 8-9. But the judge did not cite an absence of objective findings as a basis to reject Dr. Hall's opinion regarding particular limitations.[12]

Third, the Defendant argues that Dr. Hall's opinion regarding the Plaintiff's functional restrictions was "contrary to other record evidence," citing findings from another physician that the Plaintiff:

---

[11] The Commissioner also states: "To the extent that Plaintiff claims the [administrative law judge] should adopt Dr. Hall's medical source statement as her RFC finding, the regulations provide that the determination of certain issues–such as a claimant's RFC–are reserved to the Commissioner." Social Security Response Brief at p. 10 (Dec. 31, 2009) ("Defendant's Response"). But the Plaintiff did not argue that the administrative law judge had a duty to adopt Dr. Hall's RFC assessment. *See* Allen's Social Security Opening Brief at pp. 11-12 (Nov. 5, 2009) ("Plaintiff's Opening Brief").

[12] *See* Rec. at p. 17; *see also Haga v. Astrue*, 482 F.3d 1205, 1207-1208 (10th Cir. 2007) ("[T]his court may not create or adopt post-hoc rationalizations to support the [administrative law judge's] decision that are not apparent from the [judge's] decision itself." (citations omitted)).

- demonstrated normal range of motion of all joints,

- had full muscle strength in her extremities, full grip strength, normal hand skills, and normal gait, and

- had no pain, tenderness, or muscle spasms in her back.

*Id.* at pp. 9-10. But the administrative law judge did not discount Dr. Hall's opinions on these grounds,[13] and the rationales constitute invalid rationalizations for the judge's silence on the subject.[14]

### D. The Plaintiff's Remaining Contention Concerning the RFC for Light Work

The Plaintiff also argues that the administrative law judge had lacked substantial evidence for the RFC determination. But the Court cannot evaluate this allegation because the judge had failed to explain his rejection of Dr. Hall's opinions on the limitations involving the ability to stand, walk, and lift. *See Drapeau v. Massanari*, 255 F.3d 1211, 1213-14 (10th Cir. 2001) (stating that a reviewing court cannot meaningfully evaluate a decision when the administrative law judge had failed to explain the basis for his findings). Until the administrative law judge makes the necessary findings regarding this evidence, the Court cannot determine whether the RFC determination was supported by substantial evidence.

## IV. RECOMMENDATION AND NOTICE OF THE RIGHT TO OBJECT

The Court should reverse the SSA's decision and remand for further proceedings.

---

[13] *See* Rec. at pp. 9-20.

[14] *See supra* note 12.

Any party may file written objections with the Clerk of the United States District Court. *See* 28 U.S.C. § 636(b)(1). The deadline for objections is March 18, 2010. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(d), 72(b)(2). The failure to file timely objections would result in waiver of the right to appeal the suggested ruling.[15]

V.   STATUS OF THE REFERRAL

The referral is discharged.

Entered this 1st day of March, 2010.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[15]   *See Moore v. United States*, 950 F.2d 656, 659 ( 10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").