IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RHONDA E. ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. CIV-09-532-D |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF THE SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Plaintiff's Application for Attorney's Fees to be Awarded in Accordance with the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") [Doc. 22]. Plaintiff submits that she is entitled to an award of fees under the EAJA provisions, as she is the prevailing party in this action. The Commissioner filed a response stating no objection to the fee request, but objecting to Plaintiff's statement regarding the proposed offset of the requested EAJA fee award against any award that may later be authorized under 42 U. S. C. § 406(b).

Plaintiff brought this action to seek reversal of the Commissioner's denial of her application for Social Security disability benefits. In its March 29, 2010 Order [Doc. No.21], the Court reversed the Commissioner's decision and remanded the matter for further proceedings. Accordingly, Plaintiff is the prevailing party and is entitled to an award of fees under the EAJA provisions. *Shalala v. Shafer*, 409 U. S. 292 (1993).

Plaintiff requests an attorney's fee in the amount of $3,637.60. The requested fee is based on 19.5 hours of work performed on her behalf by her attorney and 3.2 hours performed by a paralegal. Attached to her application are documents detailing the legal work performed on her behalf, the hours incurred, and the hourly fees charged for all work performed. In her application, Plaintiff also sets out in detail the law governing attorney fee awards pursuant to the provisions of EAJA.

Having fully reviewed the record as well as the applicable law and the documents submitted, the Court finds that Plaintiff is the prevailing party in this action, and the Commissioner's position denying her claims was not substantially justified. Accordingly, Plaintiff is entitled to an EAJA fee award. With respect to the amount of the fee requested, the Court finds the hours expended and the hourly rates charged are fair and reasonable for the work performed and the results obtained in this case.

The Commissioner does not object to the fee request or the amount of the fee sought. He objects only to Plaintiff's statement in the Application that Plaintiff's attorney "will offset the EAJA fee against any award that may later be authorized under 42 U. S. C. § 406(b), should one ultimately be granted and paid, and refund any excess payment to Allen." Application at p. 10. The Commissioner correctly argues that, pursuant to Tenth Circuit precedent, Plaintiff's counsel must refund the smaller of either the EAJA award or a subsequent fee awarded pursuant to § 406(b). *Wrenn v. Astrue*, 525 F. 3d 931, 933 (10th Cir. 2008); *McGraw v. Barnhart*, 450 F. 3d 493, 497 n. 2 (10th Cir. 2006); *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

Subject to this limitation, Plaintiff's Application [Doc. No. 22] is GRANTED. Plaintiff is awarded attorney fees pursuant to the EAJA in the amount of $3,637.60 to be paid to Plaintiff by

the Commissioner. If Plaintiff is later authorized a fee pursuant to 42 U. S. C. § 406(b), Plaintiff's counsel shall reimburse to Plaintiff the smaller of either the EAJA award or the § 406(b) award.

IT IS SO ORDERED this 19th day of May, 2010.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE