## IN THE UNITED STATES DISTRICT COURT FOR THE

## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RHONDA E. ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-09-532-D |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Before the Court is the Motion for Attorney Fees Under 42 U. S. C. § 406(b) filed herein by Plaintiff's counsel [Doc. No. 28]. Counsel seeks approval of an attorney fee of $8,776.25 for legal work before this Court in connection with Plaintiff's receipt of Social Security benefits, to be paid to counsel pursuant to the contingent fee contract executed by Plaintiff. Plaintiff's counsel states that the amount approved by the Court will be paid to counsel from the past-due benefits awarded by the Social Security Administration as a result of this Court's previous judgment remanding this case for further proceedings.

In the Motion, counsel correctly states that, by Order of May 19, 2010 [Doc. No. 24] the Court awarded a $3,637.60 fee to Plaintiff as the prevailing party in this action under the Equal Access to Justice Act, 28 U. S. C. § 2412(d) ("EAJA"). As a general rule, that amount would offset Plaintiff's current fee request. However, counsel for Plaintiff presents documentation showing that the previous attorney fee award was diverted in full by the government to satisfy a child support debt owed by Plaintiff. *See* Attachment 4 to Motion. As a result, counsel has not received any fee payment for the work performed in this case and is not obligated to refund any portion of a § 406(b)

fee award to Plaintiff.

In responding to the motion, Defendant does not object to an award of fees pursuant to § 406(b), but asks the Court to determine the reasonableness of the fee request and ascertain that it is timely made. Defendant also discusses the standards applicable to the award of such fees, and finds no basis for reducing the requested fee. Defendant also agrees that, because the EAJA fee was not received by Plaintiff, counsel is not required to reimburse any portion of the § 406(b) fee awarded.

As Plaintiff's counsel correctly notes, there was a delay in seeking § 406(b) fees because counsel was not aware that benefits were to be awarded to Plaintiff until some time after Defendant made the decision to award past-due benefits. The Court approved counsel's motion to reopen this case for the limited purpose of seeking a § 406(b) fee award. Order of November 2, 2011 [Doc. No. 27]. In that Order, the Court determined the delay in seeking the fee was not attributable to counsel. Counsel complied with the Court's deadline for filing a motion seeking a § 406(b) fee. Thus, the Court finds that, under these circumstances, the § 406(b) motion is timely.

Plaintiff's counsel does not submit an itemization documenting the amount of the requested fee, but refers the Court to the material submitted in support of the EAJA fee, which was approved. Plaintiff's counsel does not seek payment for any legal work performed since the EAJA fee was approved. As the Court previously determined in approving the EAJA fee [Doc. No. 24], the documentation reflects a reasonable amount of time expended and a reasonable fee for the work performed. The result is the receipt by Plaintiff of over $35,000 in past due benefits. The documents before the Court reflect that Plaintiff and counsel executed a contingent fee contract in which Plaintiff agreed to pay counsel a fee of 25% of any past-due benefits obtained if she ultimately received a favorable decision and was awarded benefits. A copy of the contingent fee

contract is submitted as Attachment 1 to the Motion.

Pursuant to § 406(b), a court may award a reasonable fee to a plaintiff's counsel, not to exceed 25% of the past-due benefits awarded, and such amount is to be withheld by Defendant from the past-due benefits to be awarded. The amount requested by Plaintiff's counsel in this case is 25% of the total past-due benefit of $35,105.00 to be awarded to Plaintiff.

Section 406(b) fees are available when a court remands a case for further proceedings and the agency issues a favorable ruling on remand. *McGraw v. Barnhart*, 450 F.3d 493, 502 (10th Cir. 2006). However, a § 406(b) award is not mandatory. *Id.* Nor is an award consisting of 25% of the past-due benefits mandatory; instead, the 25% represents a ceiling on the fees. *Gisbrecht*, 535 U.S. at 807.

The Court must independently review the § 406(b) fee request to ensure that it satisfies the statutory purpose of yielding a reasonable result. *Gisbrecht*, 535 U.S. at 806. The attorney for the successful claimant bears the burden of establishing the reasonableness of the fee requested. *Id.* at 807 n. 17. Although § 406(b) does not prescribe the factors to be applied in evaluating the reasonableness of the fee, the United States Supreme Court has discussed in general the items to be considered. *Gisbrecht*, 535 U.S. at 808. Specifically, the Court has held that contingent fee agreements are permissible under § 406(b). *Gisbrecht*, 535 U. S. at 808-09. The Court must, however, determine that the terms of the agreement are reasonable. *Id.* If the agreement is reasonable, it should be given significant weight in fixing a fee; however, the Court should also consider other factors, including the time expended by counsel as well as the quality of the legal work. *Gisbrecht*, 535 U.S. at 808. The "lodestar" method should not be applied in determining the reasonableness of a fee in a Social Security case where a plaintiff has executed a contingent fee

contract.  *Id.* at 806.    Instead, the Court should examine the quality of the legal representation and may reduce a requested fee if the work was substandard, if there were unnecessary delays, or if the representation was otherwise deficient.  *Gisbrecht*, 535 U. S. at 808.

Having fully considered the work performed by counsel in this case, the quality of the work, and the results obtained, the Court concludes that the requested fee represents a fair and reasonable fee.  Accordingly, the Motion [Doc. No. 28] is GRANTED.  The Defendant is directed to pay from the past-due benefits awarded to Plaintiff the amount of $8,776.25 to Plaintiff's counsel, Steve A. Troutman of Troutman & Troutman, P.C., as total payment of the attorney fee to be awarded pursuant to § 406(b).

IT IS SO ORDERED this 20th day of December, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE